IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NORMAN NELSON, :
:
      Petitioner :
:
  v. : CIVIL NO. 4:CV-15-1674
:
WARDEN EBBERT, : (Judge Brann)
:
      Respondent :

## **MEMORANDUM**

May 12, 2016

**Background**

      Norman Nelson, an inmate presently confined in the Federal Prison Camp, Lewisburg, Pennsylvania (FPC-Lewisburg) initiated this pro se petition for writ of habeas corpus under 28 U.S.C.§ 2241.  Named as sole Respondent is FPC-Lewisburg Warden Ebbert.  Nelson was previously granted leave to proceed in forma pauperis for the sole purpose of the filing of his action with this Court.

      Petitioner's action alleges that he was denied consideration for a ninety (90) day period of halfway house placement due to pending misdemeanor charges pending against him in two Arizona state courts.  Nelson contends that although the Bureau of Prisons (BOP) sent letters to the two Arizona state courts regarding their intentions with respect to the disposition of the charges pending against Petitioner, no responses were received.  Based upon the failure of the state courts to respond, Petitioner asserts

that they have forfeited their right to prosecute him and the BOP is acting improperly by not granting him halfway house placement. His petition seeks his release to a halfway house in accordance with the provisions of the Second Chance Act.

By Order dated April 14, 2016, Nelson was directed to file an amended petition within twenty-one (21) days of the date of this Order which either showed that the exhaustion of administrative remedies requirement had been satisfied or establishes why exhaustion should be excused.[1] The Order specifically forewarned Nelson that failure to timely submit an amended petition within the authorized time period would result in dismissal of this action for failure to prosecute. See Doc. 5.

**Discussion**

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis). In a similar case, the United States Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit sua sponte

---

1. The Order stated that based upon the timeline suggested by Nelson's sparsely worded Petition, he initiated this action before seeking relief via the Bureau of Prison's well established administrative review procedure. It was also noted that there was no indication that it would be futile for Petitioner to fully exhaust his BOP administrative remedies or that there was any discernible basis as to why he should be excused from the exhaustion requirement.

for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint.  See Azubuko v. Bell National Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

The Court of Appeals in Poulis set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute:  (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense.  See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).

As previously discussed by this Court's April 14, 2016 Order,  a federal prisoner must exhaust available administrative remedies before seeking habeas corpus relief in federal court.  Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Dismissal of a § 2241 petition that had been filed before administrative remedies had been exhausted is appropriate.  See  Ridley v. Smith, 179 Fed. Appx. 109, 111 (3d Cir. 2006).  Unless it would be futile to pursue administrative remedies, courts have rejected attempts to obtain judicial relief by prisoners who have disregarded the administrative remedy process.  See  Ramsey v. United States, No. Civ. 1:CV-05-1476, 2006 WL 1412767 at *1 (M.D. Pa. May 22, 2006)(Caldwell, J.); Porte v. Warden, FCI-Allenwood, No. Civ. 4:CV-04-1534, 2006 WL 47654 at *3-5 (M.D. Pa. Jan. 9, 2006)(Jones, J.) .

Pursuant to the above discussion, adequate grounds have been established for the extreme sanction of dismissal.[2] Even under the most generous treatment given to the Petition, a finding of dilatoriness and willful conduct is warranted. Other sanctions are simply not a viable alternative because this matter cannot proceed without the filing of an adequate amended petition which resolves the non-exhaustion issue.

Based upon the present circumstances, dismissal of Nelson's action without prejudice for failure to prosecute is warranted under the standards announced in Azubuko and Poulis. An appropriate Order will enter.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

2. Although Azubuko, 243 Fed. Appx. at 729, recognizes a "balancing under Poulis is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the Poulis analysis should be undertaken. See Hernandez v. Palakovich, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (Poulis factors must be considered before dismissing a case as a sanction for failure to follow a court order).